LOÍZA SUGAR Co., Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 5392.   Argued April 8, 1931.—Decided July 5, 1933.

*Jaime Sifre, Jr.,* and *Horacio Franceschi* for appellant.   *James R. Beverley, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The corporation Loíza Sugar Company brought an action against the Treasurer of Puerto Rico for the recovery of $4,789.56, alleged to have been improperly collected from it as income tax.   Upon a judgment being rendered against it, the plaintiff took the present appeal.

Said corporation rendered to the Treasurer its income tax return, numbered 41, covering the period from August 1, 1917, to July 31, 1918, and there was assessed to it as in-

come tax in accordance with the federal act then in force locally, the sum of $5,097.33, which it paid as appears from a receipt numbered 21. It also rendered another income tax return, No. 159, for the same period, pertaining to the additional income tax provided by Act No. 59 of 1917 (Session Laws, (II), p. 384), and the sum of $8,674.66 was assessed to it as such tax, which the corporation paid according to a receipt numbered 46. Subsequently the Treasurer, acting under Act No. 80, approved in June, 1919, and based on return No. 41, assessed to the corporation for the same period of time another income tax amounting to $7,718.71, from which sum he deducted the $5,097.33 paid according to receipt No. 21, a difference of $2,621.38 remaining unpaid. The corporation requested the Treasurer to reconsider the assessment of such tax and its petition was denied; thereupon it appealed to the Board of Review and Equalization, which affirmed the decision of the Treasurer. Then the corporation paid the $2,621.38. But such payment was not made under protest; and that is one of the grounds on which the lower court relied to dismiss this case on the merits.

The appellant does not claim in this action that the tax assessed under Act No. 59 was illegal, and hence it was not necessary for it to appeal therefrom to the Board of Review and Equalization. It rests its claim on the fact that in assessing the tax in accordance with the subsequent Act No. 80 (Laws of 1919, p. 612), the appellant was not credited with the amount corresponding to the months elapsed from January to July 31, 1918, which it had paid in accordance with Act No. 59, and therefore it seeks a refund of the amount so paid.

Regarding its failure to make a payment under protest, the appellant maintains that this was not necessary, for although the general rule is that such a payment must be made in this kind of claims, an exception is recognized where there exists another act authorizing the claim without a payment

under protest, such act being the Act of February 12, 1904, (Comp. Stat. 1911, sec. 2365). The latter act provides that whenever it is found, either upon the application of any tax-payer, or by the Treasurer or Auditor upon the revision and correction of the tax receipts, that any moneys have been collected by the Treasurer of Puerto Rico improperly, or in excess of the proper amount, upon the approval of the Governor, the Auditor is authorized to issue a settlement warrant in favor of the taxpayer for the amount of such excess or for the amount improperly paid. That act is not applicable to the case at bar, for its only purpose is to authorize the repayment of taxes improperly collected where, upon an investigation by the Treasurer or by the Auditor, the conclusion is reached that certain moneys have been collected in excess of the proper amount. Payment under protest was necessary in the present case, because section 63 of the Income Tax Act (No. 80) of 1919 provides that the decisions of the Board of Review and Equalization shall be final; and that the taxpayer shall make payment under protest, and may bring later the corresponding action. Section 66 of the act, which was considered in *South P. R. Sugar Co.* v. *Treasurer of P. R.*, 26 P.R.R. 446, is not applicable herein, because in the cited case an appeal was taken directly to the courts of justice from a denial of the Treasurer to make a refund, whereas in the instant case the determination of the Treasurer was appealed to the Board of Review and Equalization, and it is against the latter that the present action is directed.

The appellant also cites section 64 (*a*) of Act No. 74, approved on August 6, 1925 (Session Laws, p. 526), in support of its contention that it was not necessary for it to make payment under protest in order to be entitled to claim the amount which it had improperly paid. Said section provides that where there has been an overpayment of income tax, the amount of such overpayment shall be credited against any income or excess-profits tax or instalment thereof then due

from the taxpayer; and that any balance of such excess shall be refunded immediately to the taxpayer. This does not mean that payment under protest is not required as a condition precedent to an action for the recovery of the amount improperly paid. Moreover, it is possible that that act was not in force when the payment was made and the original complaint was filed, the amended complaint having been filed on August 18, 1925.

In view of the conclusion we have reached, it is unnecessary to decide whether the amount claimed was improperly collected or paid.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.